IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
-BROWNSVILLE DIVISION-

United States District Court
Southern District of Texas
ENTERED

AUG 1 2 2003

Michael N. Milby, Clerk of Court
By Deputy Clerk

| | |
|---|---|
| LUIS NAVARRO,<br>Petitioner,<br><br>VS.<br><br>CAMERON COUNTY, et. al,<br>Respondents. | §<br>§<br>§<br>§<br>§   CIVIL ACTION NO. B-03-127<br>§<br>§<br>§ |

## REPORT AND RECOMMENDATION

Navarro, a prisoner proceeding *pro se*, filed a complaint (Docket No. 1) under 42 U.S.C. § 1983 on July 21, 2003, and an Application to Proceed In Forma Pauperis (Docket No. 2) pursuant to 28 U.S.C. § 1915. For the reasons stated below, it is recommended that the complaint be dismissed.

**I. Factual Background**

In his complaint, Navarro states that the Defendants[1] violated his human and civil rights by allowing charges to be filed against him more than a year after he allegedly committed an offense. Navarro requests that the case against him be dismissed and that he be reimbursed $1,200,000.00.

**II. Analysis**

    **A. Application to Proceed In Forma Pauperis**

Under 28 U.S.C. §1915 (a)(1), "...any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an

---

[1] Judge Leonel Alejandro, the Cameron County Sheriff's Department, the Cameron County District Attorney, and Private Attorneys Bruce Tharpe and Rick Salinas.

affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress."

As a matter of procedure, subsection (a)(2) requires that a "prisoner" seeking to bring a civil action or appeal a judgment in a civil action without prepayment of fees, submit a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint or notice of appeal, obtained from the appropriate official of each prison at which the prisoner is or was confined.

In addition, subsection (b)(1) requires the payment the statutory filing fee of $120.00, as set forth below:

> "Notwithstanding subsection (a), if a prisoner brings a civil action or files an appeal in forma pauperis, the prisoner shall be required to pay the full amount of a filing fee. The court shall assess and, when funds exist, collect, as a partial payment of any court fees required by law, an initial partial filing fee of 20 percent of the greater of -
> (A) the average monthly deposits to the prisoner's account; or
> (B) the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint or notice of appeal."

In this case, Navarro has submitted the appropriate documentation and declarations that make the showing required by § 1915(a) and will be allowed to proceed in forma pauperis. According to Navarro's prisoner account statement, his current balance as of July 18, 2003, was $13.96 with a six month average balance of $34.47. As such, in a separate order, Navarro has been assessed an initial partial filing fee and required to pay the statutory filing fee of $120.00.

### B. Dismissal of the Claim(s)

The Court is required to screen complaints brought by prisoners seeking relief against a

governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious", that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.

A complaint should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim that would entitle him to relief. *See Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984); *Smith v. Winter*, 782 F.2d 508, 511-12 (5th Cir. 1986). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint (*Hospital Bldg. Co. v. Rex Hospital Trustees*, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff and resolve all doubts in his favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969).

In this case, the Court finds that Navarro fails to state a claim for relief. Navarro states that the Defendants violated his human and civil rights by allowing criminal charges to be filed against him "after a year of the initial offense".[2] There are no specific details concerning the offense itself, the disposition of the state court case, the specific constitutional violations, nor a

---

[2]Docket No. 1, p. 4.

discussion of the individual defendants' actions in connection therewith. In any event, in Texas the shortest period of limitations in which to present an indictment or information is two years. *See* TEX. CRIM. PROC. CODE ANN. §§12.01 - 12.03 (2001).[3] Although the courts construe pro se pleadings more liberally, Navarro's complaint plainly fails to state a claim upon which relief could be granted.

   **IT IS RECOMMENDED** that Navarro's complaint should be **DISMISSED** as required by 28 U.S.C. § 1915A.

   DONE at Brownsville, Texas, this 12th day of August, 2003.

                                             John Wm. Black
                                             United States Magistrate Judge

---

[3] Article 12.01 as amended by Chapters 371 and 1276, Acts of the 78th Legislature, Regular Session, 2003 (effective September 1, 2003).